IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
ROCK HILL DIVISION

| | |
|---|---|
| Elan Christopher Lewis,<br><br>    PETITIONER<br><br>v.<br><br>B.M. Antonelli, *Warden*,<br><br>    RESPONDENT | Case No. 0:18-cv-01814-TLW<br><br><br>**Order** |

Petitioner Elan Christopher Lewis, proceeding *pro se*, filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241. ECF No. 1. The matter now comes before the Court for review of the Report and Recommendation (Report) filed by the magistrate judge to whom this case was assigned. ECF No. 23. In the Report, the magistrate judge recommends that Respondent's motion to dismiss be granted and the petition be dismissed for lack of jurisdiction. Petitioner filed objections to the Report. ECF No. 25. This matter is now ripe for decision.

In reviewing the Report, the Court applies the following standard:

The magistrate judge makes only a recommendation to the Court, to which any party may file written objections . . . . The Court is not bound by the recommendation of the magistrate judge but, instead, retains responsibility for the final determination. The Court is required to make a *de novo* determination of those portions of the report or specified findings or recommendation as to which an objection is made. However, the Court is not required to review, under a *de novo* or any other standard, the factual or legal conclusions of the magistrate judge as to those portions of the report and recommendation to which no objections are addressed. While the level of scrutiny entailed by the Court's review of the Report thus depends on whether or not objections have been filed, in either case the Court is free, after review, to accept, reject, or modify any of the magistrate judge's findings or recommendations.

1

*Wallace v. Hous. Auth. of City of Columbia*, 791 F. Supp. 137, 138 (D.S.C. 1992) (citations omitted). In light of the standard set forth in *Wallace*, the Court has reviewed, *de novo*, the Report and the objections.

In Petitioner's objections, he resurrects his claims under *Apprendi v. New Jersey*, 530 U.S. 466 (2000) and *United States v. Booker*, 543 U.S. 220 (2005), ECF No. 23 at 3–6, even though in his response to Respondent's motion to dismiss, he said he was not bringing *Apprendi* or *Booker* claims, ECF No. 21 at 6. In any event, he is not entitled to relief on those bases, as neither decision applies retroactively on collateral attack. *See United States v. Morris*, 429 F.3d 65, 72 (4th Cir. 2005) (concluding that *Booker* does not apply retroactively); *United States v. Sanders*, 247 F.3d 139, 151 (4th Cir. 2001) (concluding that *Apprendi* does not apply retroactively). Because those decisions do not apply retroactively, he cannot meet the requirements of § 2241's savings clause as set forth in *United States v. Wheeler*, 886 F.3d 415, 429 (4th Cir. 2018).

Petitioner also claims in his objections that he is "actually innocent" of his § 924(c) conviction in light of *United States v. Simms*, 914 F.3d 229 (4th Cir. 2019) (en banc). ECF No. 25. His § 924(c) conviction was for use of a firearm in connection with a drug trafficking crime, but *Simms* only involved § 924(c)(3)(B)—the residual clause portion of the definition of "crime of violence." Because *Simms* only involved the definition of "crime of violence," not "drug trafficking crime," it has no impact on his case.

Petitioner's objections do not challenge the magistrate judge's conclusion that

he cannot raise a claim pursuant to *Bailey v. United States*, 516 U.S. 137 (1995) in this § 2241 petition because the Supreme Court decided *Bailey* before he filed his original § 2255 petition.

After careful review of the Report and the objections, for the reasons stated by the magistrate judge and for the reasons set forth above, the Report, ECF No. 23, is **ACCEPTED**, Petitioner's objections, ECF No. 25, are **OVERRULED**, and Respondent's motion to dismiss, ECF No. 16, is **GRANTED**. This action is hereby **DISMISSED WITH PREJUDICE**.

**IT IS SO ORDERED**.

*s/ Terry L. Wooten*
Terry L. Wooten
Senior United States District Judge

September 30, 2019
Columbia, South Carolina